CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

NOV 19 2004

JOHN F. CORCORAN, CLERK
BY: /s/
    DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION
MISCELLANEOUS NO. 1:04mc00056

| | |
|---|---|
| **CHARLES J. LISLE**, as trustee of the Trust established under the Amended Liquidating Plan of Reorganization of the Official Committee of Unsecured Creditors<br><br>**Plaintiff**<br><br>v.<br><br>**STONLEDGE HOLDINGS, INC., J. CHESTER PORTER, MARIA L. BOUVETTE, ET AL.**<br><br>**Defendants** | **MOTION AND OBJECTION BY THE UNITED COMPANY TO QUASH THE SUBPOENA SERVED ON IT BY STONELEDGE HOLDINGS, INC. , J. CHESTER PORTER, MARIA L. BOUVETTE, ET AL.** |

The United Company ("United"), pursuant to Rule 45(c)(3)(A) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), hereby moves this Court to quash the subpoena and subpoena duces tecum ("Subpoena") served on it by Stoneledge Holdings, Inc, J. Chester Porter and Maria L. Bouvette (collectively "Defendants"). The Subpoena commands United to produce a designated representative to appear for a deposition on November 30, 2004 to provide testimony and to produce for inspection and copying certain documents. In support of its motion to quash, United states the following.

## FACTS AND PROCEDURAL HISTORY

1. In February of 2001, several creditors filed an involuntary chapter 7 petition for bankruptcy in the Unites States Bankruptcy Court for the Eastern District of Kentucky against the former governor of Kentucky, Wallace G. Wilkinson. A few days later, Mr. Wilkinson

converted the case to a chapter 11 proceeding. The bankruptcy case is styled *In re Wallace G. Wilkinson,* Case No. 01-50281. For approximately nine years before the bankruptcy filing, Mr. Wilkinson had been a business acquaintance of United's Chairman, James W. McGlothlin.

2. As of the petition date, Mr. Wilkinson owed various creditors approximately $400 million. Mr. Wilkinson was indebted to United for approximately $100 million. Mr. Wilkinson was also indebted to The McGlothlin Foundation ("McGlothlin Foundation"), another entity related to Mr. McGlothlin, for approximately $8 million.

3. Defendants, J. Chester Porter and Maria Bouvette were longtime friends of Mr. Wilkinson. Before the petition date, Mr. Wilkinson paid off all the debts he owed to Defendants, which totaled several million dollars.

4. When the bankruptcy court in the Wilkinson case confirmed a liquidating plan of reorganization, Charles J. Lisle was appointed the trustee of the trust established under the plan ("Trustee"). One of the powers of the Trustee under the plan is to prosecute claims on behalf of the bankruptcy estate, including avoidance actions under §§ 547 and 548 of the bankruptcy code.

5. In the fall of 2002, several creditors of Mr. Wilkinson's bankruptcy estate and the Trustee entered into settlement discussions to resolve any claims or potential claims between them. These negotiations resulted in the parties entering into a settlement agreement that resolved all claims, including avoidance actions ("Settlement Agreement"). Other than the Trustee, the signatories to the Settlement Agreement were creditors of the bankruptcy estate and certain persons or entities related to those creditors.

6. On November 8, 2002, the Trustee moved the bankruptcy court to approve the Settlement Agreement. The court held a hearing at which the Trustee submitted evidence in support of the motion to approve. No objections to the Settlement Agreement were made, and,

on December 6, 2002, the bankruptcy court entered an order approving the Settlement Agreement. United was a party to the Settlement Agreement.

7. Defendants were not parties to the Settlement Agreement. On February 3, 2003, the Trustee filed a lawsuit against each of the Defendants to avoid, pursuant to §§ 547 and 548 of the bankruptcy code, pre-petition transfers made to them or a related entity by Mr. Wilkinson. The United States District Court for the Eastern District of Kentucky subsequently withdrew the reference with respect to these lawsuits and consolidated them. After consolidation, the lawsuit is styled *Charles J. Lisle v. Stoneledge Holdings, Inc., et al.*, Case No. 03-317 (the "Preference Action").

8. On November 5, 2004, in connection with the Preference Action, Defendants caused the Subpoena to be issued out of the United States District Court for the Western District of Virginia. The Subpoena commands United to designate a corporate representative to appear for deposition on November 30, 2004 to provide testimony and to produce certain documents for inspection and copying ("Subpoena").[1] A copy of the Subpoena is attached.

9. Before issuing the Subpoena, Defendants did not contact either United or its counsel to schedule a convenient date and time for taking the deposition.

10. The Subpoena commands United to provide Defendants with irrelevant and privileged documents:

- All information relating to the Settlement Agreement including all information relating to the negotiation of the settlement agreement.

---

[1] At the same time that Defendants served the subpoena on Mr. McGlothlin, they also served four other subpoenas seeking the same type of information on James W. McGlothlin, Frances McGlothlin (Mr. McGlothlin's wife), McGlothlin Foundation and Star Coal Company, the successor by merger to the U.C.C. Realty Company. Simultaneously with the filing of this motion and objection, each of the parties served with a subpoena has moved to quash the respective subpoena served.

3

- All documents relating to or evidencing any alleged claims belonging to Mr. Wilkinson's bankruptcy estate that were released in the Settlement Agreement.

- All documents relating to or evidencing any communications with creditors of Mr. Wilkinson or parties to the Settlement Agreement concerning the Settlement Agreement or any alleged claims released by the Settlement Agreement.

- All documents relating to or evidencing any communications with the Trustee concerning the Settlement Agreement or any alleged claims released by the Settlement Agreement.

12. The Subpoena also commands a corporate representative to appear and provide testimony. In addition to the topics listed above, the corporate representative is required to testify about all relationships and transactions between United and Mr. Wilkinson, including all loans. The representative is also to testify about any claims or possible claims by United and any other creditor of Mr. Wilkinson arising out of that creditor's transactions with Mr. Wilkinson.

11. Even though the preference action was filed on February 3, 2003, Defendants did not seek the requested information from United until they caused the Subpoena to be issued from this Court on November 5, 2004, just weeks before the November 30, 2004 discovery deadline in the Preference Action.

## ARGUMENT

### 1. A Court Is Required To Quash A Subpoena If It Requires Disclosure Of Privileged Or Other Protected Matter Or Subjects A Party To Undue Burden.

Under the plain language of Fed. R. Civ. P. 45(c)(3)(A), a court must quash a subpoena if it (1) requires the disclosure of privileged information or other protected matter or (2) subjects a party to undue burden:

> On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it: . . . (iii) requires disclosure of privileged or other

4

protected matter and no exception or waiver applies, or (iv) subjects a person to undue burden.

United moves this Court to quash the subpoena as it calls for the production of information subject to the attorney client privilege and attorney work product doctrine. Also, the Subpoena is unduly burdensome in that (1) the information sought is irrelevant to the Preference Action, (2) the Subpoena requires the production of potentially thousands of pages of irrelevant documents, (3) the requested information is available from the Trustee or the United States Bankruptcy Court for the Eastern District of Kentucky, and (4) the Subpoena is simply intended to harass United, a non-party, and delay the conduct of the Preference Action.

**2.      The Subpoena Calls For The Disclosure Of Privileged Information.**

As set out above, Defendants seek all information relating to the Settlement Agreement, including information relating to the negotiation of the Settlement Agreement. The Settlement Agreement was negotiated by counsel for United in the bankruptcy proceeding. Accordingly, other than the Settlement Agreement itself (which is of public record), documents relating to the Settlement Agreement mainly include communications between United and counsel. There is no dispute that such communications are privileged.[2]

Defendants also seek information related to the claims that were released by the Settlement Agreement. Although it is unclear exactly what information is sought by Defendants because the requests relating to this topic are extremely vague, such documents would include communications with counsel and other protected materials that were prepared by counsel in connection with the bankruptcy proceedings. Because the Subpoena calls for the production of such documents, the Court must grant United's motion to quash.

---

[2]      To the extent that there were communications with the Trustee, Defendants may obtain such correspondence from the Trustee.

5

### 3. The Subpoena Imposes Undue Burden Because The Information Is Irrelevant And Available From Other Sources.

The subpoena also imposes an undue burden. The determination of whether a subpoena imposes an undue burden "turns on 'such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed.'" *American Electric Power Co. v. United States,* 191 F.R.D. 132, 136 (S.D. Ohio 1999). Demonstrating relevance is the burden of the party seeking discovery.[3] *Id.* Moreover, "[t]he current generally prevailing view is that the Court may first consider whether information should be obtained by direct discovery from a party, as opposed to from a non-party, and that the court should give special weight to the unwanted burden thrust upon non-parties when evaluating the balance of competing needs." *Medical Components, Inc. v. Classic Medical, Inc.,* 210 F.R.D. 175, 180 n.9 (M.D.N.C. 2002).

Application of the foregoing standard requires the subpoena to be quashed. The Trustee has filed a lawsuit against Defendants to recover pre-petition transfers made to them or a related entity by Mr. Wilkinson. Accordingly, the issues in the Preference Action are whether the Trustee can satisfy the statutory elements of a preferential transfer or a fraudulent conveyance and whether the Defendants have a recognized defense to the Trustee's claims. However, for unknown reasons, Defendants have served a subpoena on United, a non-party, seeking information relating to the Settlement Agreement and all claims released by Settlement Agreement. How information relating to a post-petition settlement between the Trustee and creditors of the estate is relevant to whether Defendants received preferential transfers pre-

---

[3] "[The party seeking discovery] must meet a burden of proof heavier than the ordinary burden imposed under Rule 26. First, the motions to compel [that were filed] relate to non-parties. The fact that discovery is sought from a non-party is one factor which the Court may weigh in determining whether [the party seeking discovery] is entitled to an order which requires the production of the materials or information." *Echostar Communications Corp. v. The News Corp.,* 180 F.R.D. 391, 394 (D. Colo. 1998).

6

petition is a mystery. Under no definition is the information sought relevant to the claims in the Preference Action. As Defendants cannot meet their burden to demonstrate relevance, the Subpoena must be quashed.

Not only is the information sought irrelevant, but Defendants may also acquire the information from the Trustee, a party to the Preference Action. The Settlement Agreement was the product of a few months of negotiations between the Trustee and various parties. Obviously, the Trustee is in possession of a number of documents relating to all phases of the negotiations and the claims or potential claims that were released. The Trustee was also provided with a number of documents by parties to the Settlement Agreement regarding their business dealings with Mr. Wilkinson. This information possessed by the Trustee will provide a complete picture of the events surrounding the negotiation and consummation of the Settlement Agreement as well as the claims that were released. There is no need to require non-parties to provide duplicative information.

In addition to information in the possession of the Trustee, there is also significant information relating to the Settlement Agreement that was put into the bankruptcy court record. The Settlement Agreement is not a secret. It is a public document that was approved without objection by the bankruptcy court after notice and a hearing  Accordingly, in light of the dubious relevance of the information requested, and the vast amount of information available to Defendants from other sources, there is no reason that a non-party should be forced to incur the expense and inconvenience of sitting for a deposition and producing the requested documents. The Subpoena must be quashed.

7

### 4. Defendants Did Not Take Reasonable Steps To Avoid Imposing An Undue Burden.

Fed. R. Civ. P. 45(c)(1) requires that "[a] party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a party subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty . . . ." Defendants failed to take such reasonable steps. First, it should be noted that the discovery deadline in the Preference Action is November 30, 2004. Accordingly, Defendants have waited until just a couple of weeks before the discovery deadline before serving the subpoena at issue. Defendants have also served subpoenas demanding the same type of information on United's Chairman, James W. McGlothlin, Frances McGlothlin (Mr. McGlothlin's wife) and two other entities related to Mr. McGlothlin. Upon information and belief, these subpoenas are just the tip of the iceberg in that Defendants have served approximately twenty other subpoenas for similar information on non-parties who signed the Settlement Agreement. Defendants have clearly embarked upon a strategy to harass the parties to the Settlement Agreement and, by waiting until just before the discovery deadline to take action, delay the progress of the Preference Action. Such conduct is clearly inappropriate.

### CONCLUSION

Based on the forgoing, United moves this Court to enter the attached order quashing the subpoena and subpoena duces tecum issued from this Court on November 5, 2004

                                        Respectfully submitted,

                                        */s/ Stephen M. Hodges*

                                        Stephen M. Hodges, VA Bar No. 1220
                                        PennStuart
                                        P.O. Box 2288
                                        Abingdon, Virginia 24212-2288
                                        (276) 628-5151 – telephone
                                        (276) 628-5621 – facsimile

                                        Samuel D. Hinkle IV
                                        Adam T. Goebel
                                        STOLL, KEENON & PARK, LLP
                                        2650 AEGON Center
                                        400 West Market Street
                                        Louisville KY 40202-3377
                                        (502) 568-9100

                                        Counsel for The United Company

November 19, 2004

## CERTIFICATE OF SERVICE

      I certify that a copy of the foregoing motion was served on November 19, 2004 by mailing a copy by United States mail, first class postage pre-paid, addressed for delivery to:

Russell S. Sayre, Esq.
Taft, Stettinius & Hollister LLP
425 Walnut Street
Suite 1800
Cincinnati, Ohio  45202

Counsel for Defendants

                                        */s/ Stephen M. Hodges*
                                        Counsel for The United Company

X:\Bankruptcy\United Company - 018133\Wilkinson - 109814\ATG\WDV\United Objection.doc

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| Charles J. Lisle, *as Trustee of the Trust established under the Amended Liquidating Plan of Reorganization of the Official Committee of Unsecured Creditors*<br><br>　　　　　　　　Plaintiff<br>　　　　v.<br>Stoneledge Holdings, Inc., J. Chester Porter, Maria L. Bouvette, et al<br>　　　　　　　　Defendants | **SUBPOENA FOR DEPOSITION DUCES TECUM**<br><br>Case No. 03-317 (KSF)<br>U.S. District Court<br>Eastern District of Kentucky |

To: 　The United Company
　　　1005 Glenway Avenue
　　　Bristol, VA  24201

☐　　YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

■　　YOU ARE COMMANDED to designate one or more officers, directors, or managing agents, or other persons who consent to testify on your behalf as to the matters set forth in Exhibit B. Such person shall appear at the place, date, and time specified below to testify at the taking of a deposition and to produce documents listed on Exhibit A attached in connection with the above case.

| PLACE | DATE AND TIME |
|---|---|
| Holiday Inn, Conference Room One, 3005 Linden Drive, Bristol, VA 24201 | November 30, 2004 @ 9:00 a.m. |

☐　　YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐　　YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

　　Any subpoenaed organization not a party to this case shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Fed. R. Civ. P. 30(b)(6)

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| *[signature]* | November 5, 2004 |

ISSUING OFFICER'S NAME ADDRESS AND PHONE NUMBER

*Russell S. Sayre*
Russell S. Sayre, Esq., Taft, Stettinius & Hollister LLP, 425 Walnut Street, Suite 1800, Cincinnati, OH 45202

## EXHIBIT A

You are commanded to produce the following documents:

1. All documents relating to the Settlement Agreement entered into by Charles J. Lisle as Trustee of the Trust established under the Amended Liquidating Plan of Reorganization Proposed by the Official Committee of Unsecured Creditors of the Debtor Wallace G. Wilkinson (the "Debtor") and the various Lender Creditors and Other Releasees, as defined in the Settlement Agreement, and approved by the Bankruptcy Court for the Eastern District of Kentucky in December 2002 (the "Settlement Agreement") and all negotiations and other correspondence related thereto

2. All documents relating to or evidencing any alleged claims belonging to the Debtor's bankruptcy estate (collectively, the "Claims") released by the Settlement Agreement.

3. All documents relating to or evidencing any communications with creditors of the Debtor and/or parties to the Settlement Agreement concerning the Settlement Agreement or any alleged Claims released by the Settlement Agreement.

4. All documents relating to or evidencing any communications with the Trustee concerning the Settlement Agreement or any alleged Claims released by the Settlement Agreement.

W0302264 1

## EXHIBIT B

## DESIGNATION OF MATTERS ON WHICH EXAMINATION IS REQUESTED.

1    All relationships and transactions between the entity named in the subpoena and Wallace G. Wilkinson including, without limitation, all loans to Wallace G. Wilkinson

2.    Any and all claims and possible claims by the entity named in the subpoena against the bankruptcy estate of Wallace G Wilkinson in the Chapter 11 bankruptcy case in the United States Bankruptcy Court for the Eastern District of Kentucky, Case Number 01-50281.

3    Any and all claims and possible claims against the entity named in the subpoena by the bankruptcy estate of Wallace G. Wilkinson in the Chapter 11 bankruptcy case in the United States Bankruptcy Court for the Eastern District of Kentucky, Case Number 01-50281, by Charles J. Lisle as Trustee of the Trust established under the Amended Liquidating Plan of Reorganization in the aforesaid bankruptcy, or by any creditor or Wallace G. Wilkinson, including, without limitation, claims for avoidance of preferential or fraudulent transfers

4.    Any and all claims and possible claims by the entity named in the subpoena against any other creditor of Wallace G. Wilkinson arising out of transactions between that creditor and Wallace G. Wilkinson including, without limitation, claims for avoidance of preferential or fraudulent transfers.

5.    All facts, negotiations, conversations, and discussions related to the settlement between the entity named in the subpoena and Charles J. Lisle as Trustee of the Trust established under the Amended Liquidating Plan of Reorganization in the bankruptcy case of Wallace G.

Wilkinson, United States Bankruptcy Court for the Eastern District of Kentucky Case Number 01-50281

W0302071 1

